# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Julian J. Alexander, | Case No. 2:25-cv-01980-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 5] |
| Metro Police Department, | |
| Defendant(s). | |

On October 17, 2025, the Court screened Plaintiff's complaint. Docket No. 3. The Court dismissed the complaint because it failed to comply with Rule 8 of the federal Rules of Civil Procedure and it was not signed as is required by Rule 11 of the Federal Rules of Civil Procedure. Docket No. 3 at 2. The Court afforded leave to amend. *See id.* Plaintiff appears to have now filed an amended complaint.

**I.      Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff's latest filing fails to comply with Rule 8. Plaintiff appears to have refiled his initial complaint with an exhibit of a complaint with the Las Vegas Metropolitan Police Department. *See* Docket No. 5. A complaint must be complete in and of itself, *e.g.*, Local Rule 15-1(a), and the Court cannot piece together different pleadings to create a new one, *Varner v. Guliani*, 2024 WL 1701920, at *2 (D. Nev. Apr. 19, 2024) (citing *Fletcher v. Dreesen*, 2023 WL 8933590, at *1 (D. Nev. Dec. 27, 2023)). Moreover, usage of the police complaint form as a proxy for a complaint in court raises a number of problems, including most basically that the police form does not identify with particularity who the defendant is that is being sued (or the defendants that are being sued).[1]

Accordingly, the Court dismisses the most recent filing. The Court will again provide leave to amend. The amended complaint must comply with Rule 8, including alleging sufficient factual detail showing an entitlement to relief and elucidating the alleged circumstances, the theory of the claims, the specific parties named as defendants, and the relief sought. The complaint must also be signed.

---

[1] The Court also notes that, on its merits, the instant filing does not include sufficient allegations to state a claim. The only expressly identified defendant in the papers is the Las Vegas Metropolitan Police Department. *See* Docket No. 5 at 5. To state a claim against a local police department, a complaint must allege not only a constitutional violation by those employed by the police department, but also that the violation was the result of a policy or custom or is otherwise properly attributable to the municipality. *See, e.g.*, *Boyd v. Las Vegas Metro. Police Dept.*, 2025 WL 3014275, at *1-2 (D. Nev. Oct. 27, 2025) (discussing *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658 (1978)). Such allegations are absent here.

In light of the above, the Court **ORDERS** as follows:

1. Plaintiff's filing (Docket No. 5) is **DISMISSED** with leave to amend. Plaintiff will have until **January 13, 2026**, to file a proper amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

2. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 23, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

3