**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Julian J. Alexander, | Case No. 2:25-cv-01980-APG-NJK |
| Plaintiff(s), | **Report and Recommendation** |
| v. | |
| Metro Police Department, | |
| Defendant(s). | |

On October 17, 2025, the Court screened Plaintiff's complaint. Docket No. 3. The Court dismissed the complaint because, *inter alia*, it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Docket No. 3 at 2.[1] The Court afforded leave to amend. *See id.* Plaintiff filed an amended complaint. Docket No. 5. On December 23, 2025, the Court dismissed the amended complaint because it failed to comply with Rule 8. Docket No. 6. In that order, the Court indicated that the amended complaint "does not identify with particularity who the defendant is that is being sued (or the defendants that are being sued)." *Id.* at 2. The Court also noted that the only expressly identified defendant is the Las Vegas Metropolitan Police Department, but that the amended complaint failed to allege *Monell* liability. *See id.* at 2 n.1 (noting the absence of allegations of a policy or custom, or any other basis for *Monell* liability). The Court ordered that any further amended complaint "must comply with Rule 8, including alleging sufficient factual detail showing an entitlement to relief and elucidating the alleged circumstances, the theory of the claims, the specific parties named as defendants, and the relief sought." *Id.* at 2.

On January 7, 2026, Plaintiff filed a second amended complaint. Docket No. 7. Although the Court had referred the case to the Pro Bono Program for potential appointment of counsel, Docket No. 9, Plaintiff has now filed a notice of *pro se* appearance, Docket No. 10 at 1, which the

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Court construes as indicating a desire to move forward without potential pro bono counsel. As such, the Court proceeds herein with screening the second amended complaint pursuant to 28 U.S.C. § 1915(e).

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Litigants cannot file "shotgun pleadings" in which they raise factual allegations without connecting them to particular defendants and particular causes of action. *See, e.g.*, *Gibson v. City of Portland*, 165 F.4th 1265, 1287-90 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with Rule 8. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff's second amended complaint fails to comply with Rule 8 or to otherwise state a claim. The second amended complaint does not provide a proper caption or otherwise identify

2

with specificity the defendants being sued.  The only defendant expressly identified is Las Vegas Metropolitan Police Department.  *See* Docket No. 7 at 1.  As the Court previously explained, to state a claim against a local police department, a complaint must allege not only a constitutional violation by those employed by the police department, but also that the violation was the result of a policy or custom or is otherwise properly attributable to the municipality.  *See, e.g.*, *Boyd v. Las Vegas Metro. Police Dept.*, 2025 WL 3014275, at *1-2 (D. Nev. Oct. 27, 2025) (discussing *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658 (1978)).  Such allegations are absent here.  Instead, the second amended complaint again provides a narrative of Plaintiff's alleged experience being arrested at a local protest, processed, detained overnight, and released.  *See* Docket No. 7 at 2-9.[2]  There are no allegations of a policy, custom, or other basis on which to base *Monell* liability.  Moreover, the second amended complaint does not identify any particular cause(s) of action or legal right(s) that were allegedly infringed.  The second amended complaint does not identify the relief sought.

Hence, the second amended complaint fails to comply with Rule 8 and fails to state a claim.  While the Court is generous with affording liberal opportunity to amend, *see Cato*, 70 F.3d at 1106, this is now Plaintiff's third pleading that has been found deficient on Rule 8 grounds, *see also* Docket Nos. 3, 6.  Leave to amend is not granted automatically, *see Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990), and is more likely to be denied when amendment opportunities have already been afforded, *see City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)); *see also Gibson*, 165 F.4th at 1290 (for improper shotgun pleadings, district courts "should not hesitate to afford such parties *one last* opportunity to make themselves understood" (emphasis added)).  Given the circumstances of this case, providing leave for a third amended complaint is not warranted.

---

[2] Plaintiff alleges that the charges were ultimately dismissed.  *See id.* at 8.

3

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: April 29, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).